**LAROSA'S INT'L FUEL CO., INC. Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Nos. 97–834T, 97–835T.**

United States Court of Federal Claims.

April 3, 2003.

---

David J. Fischer, Baker & Hostetler LLP, Washington, D.C. for Plaintiff.

David R. House, Court of Federal Claims Section, Tax Division, U.S. Department of Justice, with whom were Eileen J. O'Connor, Assistant Attorney General, Mildred L. Seidman, Chief, Court of Federal Claims Section, and Steven I. Frahm, Assistant Section Chief, for defendant.

## ORDER

SMITH, Senior Judge.

The instant case arose on December 3, 1985, when the Internal Revenue Service (the "IRS") began examining the federal income tax returns of LaRosa's International Fuel Company and Joseph LaRosa, a shareholder in LaRosa's International Fuel Company (together referred to hereinafter as "Plaintiff"). The IRS determined that Plaintiff owed the IRS $11,852,793.00 in unpaid taxes, penalties, and interest on the unpaid taxes, from the period between 1979 and 1983, and $789,665.00 in unpaid taxes, penalties, and interest on the unpaid taxes from the period between 1981 and 1983. The IRS consequently seized $9 million of Plaintiff's assets by levy under Section 6331 of the Internal Revenue Code, (the "Code"), 26 U.S.C. § 6331 (1985). The IRS also issued a statutory notice of tax deficiency to Plaintiff.

On January 16, 1986, Plaintiff and the IRS signed an escrow agreement. The agreement provided that the IRS would hold the seized amounts in escrow, that the IRS would release certain amounts from the escrow to help Plaintiff cover business and personal expenses, that the IRS would not return the principal balance of the seized assets until after resolution of Plaintiff's Tax Court petition, that the assets held in escrow would not be considered payment of Plaintiff's tax liabilities, and that all interest on the escrow would accrue to Plaintiff. In March 1986, Plaintiff filed a petition in the United States Tax Court to contest the statutory notice of deficiency.

In November 1990, the United States Tax Court entered Stipulated Decisions setting forth the taxes and additions to tax due from Plaintiff. In March 1991, the parties entered into agreements necessary to settle the tax deficiencies at issue. In May 1991, Plaintiff submitted payment of its tax liability to the IRS, and the IRS released the funds held in escrow and interest on those funds to Plaintiff.

On April 29, 1993, Plaintiff filed a claim with the IRS for a refund. Plaintiff alleged that the amount that it had paid to cover interest on tax liabilities was excessive, and that Plaintiff therefore deserved a refund. The IRS denied the refund, and Plaintiff responded by filing suit for relief before this Court on December 5, 1997. Defendant counterclaimed in April 2000, arguing that Plaintiff owes the IRS interest on unpaid taxes. On December 11, 2002, Plaintiff filed for summary judgement against Defendant, alleging that as of December 3, 1985, the IRS had actual or constructive possession of Plaintiff's assets in sufficient amount to satisfy Plaintiff's tax liabilities and, as a matter of law, should have credited the full value of the seized assets against the IRS' tax assessments. According to Plaintiff, the IRS should have consequently suspended the running of interest on Plaintiff's tax deficiencies as of December 3, 1985. Plaintiff claimed that seizure of assets by levy constituted a payment of Plaintiff's outstanding tax defi-

ciencies, resulting in no further interest due to the government under Section 6601 of the Code.

On December 6, 2002, the government moved for partial summary judgment[1] on the issue of whether Plaintiff's liability for interest on the tax deficiencies continued to run after the seized assets were placed in escrow. Defendant alleged that a tax is paid only when funds are actually applied to satisfy tax assessments under Section 6601, rather than when a levy occurs and the levied amounts are placed in escrow. After full briefing and holding oral argument on the parties' summary judgment motions on February 12, 2003, the Court hereby DENIES Plaintiff's motion for summary judgment and GRANTS Defendant's cross motion for partial summary judgment.

The Court cannot accept Plaintiff's characterization of the seizure of Plaintiff's assets by levy under Section 6601 and subsequent placement of the funds into escrow as a payment of Plaintiff's tax deficiencies. According to the Supreme Court in *Rosenman v. United States,* 323 U.S. 658, 662, 65 S.Ct. 536, 89 L.Ed. 535 (1945), a tax payment occurs when the IRS actually applies funds to a particular tax liability; it is not enough to place funds into a "suspense" account, or escrow, which merely functions as a surety against the future payment of said liability. Thus, "[t]he receipt by the Government of moneys under such an arrangement carries no more significance than would the giving of a surety bond. Money in these accounts is held not as taxes duly collected but as a deposit made in the nature of a cash bond for the payment of taxes thereafter found to be due." *Rosenman,* 323 U.S. at 662, 65 S.Ct. 536. Indeed, characterizing money held in escrow as a payment results in the illogical conclusion that they represent the payment of tax liabilities, even if the IRS ultimately releases an escrow and the deficient taxpayer does not satisfy its tax liabilities until later.

Furthermore, the transfer of the levied assets into escrow fails to demonstrate dominion and control over the assets sufficient to deem the seizure a payment. While the escrow agreement gave the IRS substantial power to manage the levied assets, this power did not include the ability to use this money for government purposes. Thus, any characterization of the escrow as a payment confuses the function of the escrow as security, with an actual legal satisfaction of liability. *See Rosenman,* 323 U.S. at 662, 65 S.Ct. 536.

For the above reasons, the Court finds that Defendant is entitled to partial summary judgment and holds that interest continued to run on Plaintiff's tax underpayments after the levies on Plaintiff's assets, through the period that the levied assets were held in escrow, and until Plaintiff paid said tax liabilities. The Court will SCHEDULE a status conference to occur within 60 days to discuss the computation of Plaintiff's unpaid interest on the tax deficiencies owed to the government.

**IT IS SO ORDERED.**

---

1. Judgment requested by Defendant is partial because the parties agreed to reserve determination of the remaining issue of computation of

Defendant's counterclaim as against LaRosa's International Fuel Company pending the instant decision.